IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, | ) |
| | ) |
| v. | ) Miscellaneous Action No. 12-16-KD-M |
| | ) |
| UNITED STATES OF AMERICA. | ) |

## ORDER

This action is before the Court on Maurice Williams' *pro se* "Motion to Set Aside Forfeiture and/or for the District Court to Correct a Deficiency in the Judgment" (doc. 9). Williams seeks relief from the order and judgment entered October 9, 2012 (docs. 5, 6). Upon consideration, and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

I. Factual and procedural background.

Previously, Williams alleged[1] that Drug Enforcement Agency agents seized approximately $5,000.00 during a traffic stop near Mobile, Alabama on December 10, 2005. Williams was not arrested but was later incarcerated on unrelated matters. After the seizure, and on his behalf, his family contacted the DEA for return of the funds but without success. Williams wrote the DEA in February 2012 and in March 2012 to inquire about return of the funds, but the DEA did not respond. On July 30, 2012, Williams filed a "Motion for Return of Property" pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (doc. 1).

In response, the United States argued that venue was improper in the Southern District of Alabama because the seizure occurred near Montgomery, Alabama, which is in the Middle

---

[1] The factual background is taken from Williams' Rule 41(g) motion, the United States' response, the district court's order of October 9, 2012, and the pending motion.

District of Alabama. The United States also argued that Williams' Rule 41(g) motion should be treated as a civil action in equity against the United States and that his claim to the funds was barred by the applicable six-year statute of limitations found in 28 U.S.C. § 2401(a) (doc. 4).

The district court denied Williams' Rule 41(g) motion with prejudice on basis that it was untimely (doc. 5).[2] The district court explained that the six-year statute of limitations set forth in 28 U.S.C. § 2401(a) applied and that the time period began to run on either June 7, 2005 (the date of seizure according to the DEA's records), December 10, 2005 (according to Williams), or February 6, 2006 (the date of the DEA's Declaration of Forfeiture). The district court found that Williams' July 30, 2012 Rule 41(g) motion was filed beyond the period of limitations starting at the latest possible date, February 6, 2006, and therefore, the relief sought was barred by the statute of limitations. The action was dismissed with prejudice and final judgment was entered October 9, 2012 (docs. 5, 6).

On April 2, 2018, Williams filed the pending "Motion to Set Aside Forfeiture and/or for the District Court to Correct a Deficiency in the Judgment" (doc. 9).

II. Analysis

Williams moves the Court to correct a deficiency in the district court's judgment, *i.e.*, its decision to deny the Rule 41(g) motion, and then address on the merits his motion to set aside the forfeiture[3] (doc. 9). As grounds, he argues that the district court erred by failing to consider

---

[2] The district court acknowledged that venue may not have been proper in the Southern District of Alabama because the DEA's records indicated that the traffic stop occurred in the Middle District of Alabama. However, because Williams' request was resolved on statute of limitations grounds, the district court did not address venue.

[3] Although Williams initially filed a Rule 41(g) motion for return of property, he has made clear that he seeks return of forfeited funds.

2

equitable tolling, when it ruled that his Rule 41(g) motion was barred by the six-year statute of limitations. Williams argues that his diligent pursuit of his rights and extraordinary circumstances equitably tolled the six-year statute of limitations.[4] Williams moves this Court to correct this deficiency and find that the time period to file his Rule 41(g) motion was equitably tolled, and then consider his motion to set aside the forfeiture. Williams also argues that his pending motion is timely because it was filed within six years of the date of the district court's order and final judgment, October 9, 2012.

The Court construes Williams' motion to correct a deficiency in the judgment as a motion for relief from final judgment on grounds that the district court erred by failing to find the limitations period was equitably tolled. *See United States v. Gonzalez*, 462 Fed. Appx. 873 (11th Cir. 2012). ("We also review *pro se* filings, like Gonzalez's, under a more lenient standard and read them liberally in order to discern 'whether jurisdiction to consider [them] can be founded on a legally justifiable base.'") (quoting *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir.1991)). This action has been dismissed with prejudice and final judgment entered. Therefore, Williams must obtain relief from the final judgment. Otherwise, the Court lacks jurisdiction to consider his claim to the seized and forfeited funds and the motion must be dismissed for that reason

---

[4] Williams argues that the record is silent as to whether the DEA gave him the statutorily required notice of the forfeiture proceedings. Williams also points out that he was in prison during this time and on his behalf, his family made numerous attempts to obtain the funds from the DEA. He also argues that because he wrote the DEA on February 12, 2012, the district court should have disregarded the "technically deficient" or late filing of his complaint on July 30, 2012, beyond the six-year period of limitations, and should not have dismissed his motion. He argues that his February 2012 and his March 2012 letters showed his interest in the seized funds and his attempt to invoke administrative procedures, and therefore, the district court should have considered his motion.

Rule 60(b) of the Federal Rules of Civil Procedure, captioned "Relief from a Judgment or Order" sets out six specific grounds for relief.[5] However, the grounds set forth in subparagraphs (1) through (5) are either not applicable or time barred.[6] *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991) (relief under Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories" in Rule 60(b)(1) through (5)."). Thus, only Rule 60(b)(6) may apply. That Rule provides for relief from judgment for "any other reason that justifies relief". In order to set aside the judgment and order pursuant to Rule 60(b)(6), Williams "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion.'" *Grant v. Pottinger-Gibson,* - - - Fed. Appx. - - -, 2018 WL 834895, at *3 (11th Cir. Feb. 13, 2018) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (omission in original) (internal quotation marks omitted)).

---

[5] Williams could have moved the Court to reconsider its decision or moved the Court to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, such motions must be made within 28 days of the entry of judgment. When that time period has passed, such as here, the Court may proceed under Rule 60(b). *Reilly v. Herrera*, - - - Fed. Appx. - - -, 2018 WL 1603439, *3 (11th Cir. 2018) ("However, when a Rule 59(e) motion is filed more than 28 days after the entry of judgment and the grounds stated would be a basis for Rule 60(b) relief, the district court may treat it as a motion for relief from judgment under Rule 60(b)").

[6] Rule 60(b)(1) provides for relief from a judgment or order on basis of mistake. In that regard, the Rule may apply to a judge's mistake of fact or law where the mistake is "'clear on the record' and involved a 'plain misconstruction' of the law and the erroneous application of that law to the facts[.]" *Nisson v. Lundy*, 975 F. 2d 802, 806 (11th Cir. 1992) (quoting *Compton v. Alton Steamship Co.,* 608 F. 2d 96, 104 (4th Cir. 1979). "[C]ompelling policies of basic fairness and equity reflected by 60(b) may mandate amendment to conform its judgment to the law." *Id.* (internal quotations omitted); *Shuler v. Duke,* 2016 WL 9650976, *1 (N.D. Ala. 2016) (same). However, motions pursuant to Rule 60(b)(1) must be brought "no more than a year after entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Therefore, Williams' motion if brought pursuant to Rule 60(b)(1) would be untimely and due to be dismissed for that reason.

But, before considering the merits[7] of his Rule 60(b)(6) motion, the Court must determine whether the motion was timely. In that regard, Williams relies upon the six-year period of limitation set forth in 28 U.S.C. § 2401(a) which sets the time limit for commencing an action against the United States. Since the Court has construed his motion to "correct a deficiency in the judgment" as a Rule 60(b)(6) motion for relief from judgment, his motion "must be made within a reasonable time" from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

"What constitutes a 'reasonable time' depends upon the circumstances of each case, including 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" *Gill v. Wells*, 610 F. Appx. 809, 812 (11th Cir. 2015) (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008)). In that regard, Williams has not presented any good reason why he waited approximately five and one-half years to file this motion.

Williams does state that he was not timely served with notice of the final judgment (doc. 9, p. 5). But he does not provide any evidence as to when he was served with notice. In that regard, the "clerk must serve notice of the entry" of an order or judgment on each party and "must record the service on the docket." Fed. R. Civ. P. 77(d). The Court's docket indicates that "notice" of the order and judgment was delivered to Williams on October 9, 2012 at his then address in Milton, Florida (docs. 5, 6). Also, Rule 5(b)(C) provides for mailing the order and

---

[7] Williams argues that the district court erred by not finding that the six-year statute of limitation was equitably tolled (doc. 9). However, Williams did not raise that argument in his Rule 41(g) motion (doc. 1). Although *pro se* motions and pleadings are held to a more lenient standard, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted). Thus, the district court did not err by failing to make this statute of limitation argument for Williams.

judgment "to the person's last known address - - in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(C). Williams' conclusory and unsupported statement that he was not timely served is not sufficient to rebut the presumption that "service is complete upon mailing" Fed. R. Civ. P. 5(b)(C).

Upon consideration of the foregoing, the Court finds that Williams' pending motion was not filed within a reasonable time. *See Hinds v. United States,* 2016 WL 5477100, at *3 (S.D. Ala. Sept. 27, 2016) (finding three years and eight months to file a Rule 60(b) motion was not a reasonable time period). Since his pending motion, construed in part as a Rule 60(b)(6) motion, was not timely filed, Williams cannot obtain relief from the final judgment and order dismissing this action with prejudice. Therefore, Williams' motion (doc. 9) is dismissed for lack of jurisdiction.

Even if the Court had jurisdiction, Williams has not presented sufficient grounds for equitable tolling of the time period between the alleged December 2005 seizure and his first motion filed in July 2012.[8] Williams relies on the following allegations: That his family contacted the DEA but the DEA failed to return his property, that he sent two letters to the DEA in February 2012 and March 2012 but the DEA did not answer, that he did not receive notice of the forfeiture proceedings, and the fact that he was, and still is, incarcerated. Williams was aware in 2005 that his funds had been seized. Even though he was incarcerated, there is no evidence that he could not have written the DEA earlier than February 2012, or that he could not have filed a motion with the Court earlier than July 2012.

---

[8] In his pending motion, Williams discusses two periods of limitation. Specifically, the six-year period of limitation in 28 U.S.C. § 2401(a) for commencing actions in equity against the United States and the five-year limitation period in 18 U.S.C. § 983(e) for motions to set aside civil forfeitures.

**The Clerk is directed to mail this order to Williams at the following address:**

Maurice L. Williams
#226-824
B2.107 Lower Apalachee Correctional Institution
52 West Unit Drive
Sneads, Florida 32460


**DONE** and **ORDERED** this 1st day of May 2018.


                                           s / Kristi K DuBose
                                           KRISTI K. DuBOSE
                                           CHIEF UNITED STATES DISTRICT JUDGE